UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
MICHAEL UGWU, :
:
Plaintiff, :
: 24-CV-6276 (JMF)
-v- :
: MEMORANDUM OPINION
UBER TECHNOLOGIES, INC., : AND ORDER
:
Defendant. :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Plaintiff Michael Ugwu was a driver for Uber Technologies, Inc., from 2015 until his termination in 2023. *See* ECF No. 1 ("Compl."), ¶ 8. In connection with his employment, Ugwu accepted Uber's Platform Access Agreement, which contains a provision requiring arbitration of "any legal dispute, past, present or future, arising out of or related to your relationship with" Uber, "and termination of that relationship." ECF No. 16-5 ("Agreement"), § 14.1(a); *see also id.* § 14.1(c). It further provides that the disputes subject to arbitration "include without limitation disputes arising out of or relating to the interpretation, application, formation, scope, enforceability, waiver, applicability, revocability or validity of this Arbitration Provision or any portion of this Arbitration Provision." *Id.* § 14.1(b). Despite these provisions, Ugwu sued Uber in this Court alleging employment discrimination and other employment-related claims. Uber now moves, pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3-4, to compel arbitration and stay further proceedings pending that arbitration. *See* ECF No. 14.[1]

    Uber's motion must be and is GRANTED. In determining whether to compel arbitration,

---

[1] Uber has not yet filed its reply memorandum of law, which is due tomorrow. The Court, however, can resolve Uber's motion without awaiting the reply.

a court's task is to determine "(1) whether there exists a valid agreement to arbitrate at all under the contract in question . . . and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Belco Petroleum Corp.,* 88 F.3d 129, 135 (2d Cir. 1996); *accord Jacobs v. USA Track & Field,* 374 F.3d 85, 88 (2d Cir. 2004). Here, there is no dispute that Ugwu's claims fall within the scope of the Platform Access Agreement's arbitration provisions. Instead, Ugwu opposes arbitration solely on the grounds of unconscionability and material misrepresentation. *See* ECF No. 21, at 1. But Ugwu provides no evidence to support his bare assertion of material misrepresentation. *See, e.g.*, *Davarci v. Uber Tech., Inc.*, No. 20-CV-9224 (VEC), 2021 WL 3721374 at *5 (S.D.N.Y. Aug. 20, 2021) ("In evaluating a motion to compel arbitration, a district court applies a standard similar to that applicable for a motion for summary judgement." (internal quotation marks omitted)). And courts have repeatedly rejected challenges to the same or similar Uber arbitration agreements on unconscionability grounds. *See, e.g.*, *Faith v. Khosrowshahi*, No. 21-CV-6913 (JMA) (JMW), 2023 WL 5278126, at *7 (E.D.N.Y. Aug. 16, 2023); *Camilo v. Uber Techs., Inc.*, No. 17-CV-9508 (AKH), 2018 WL 2464507, at *3 (S.D.N.Y. May 31, 2018). In any event, the Platform Access Agreement explicitly delegates such challenges to the arbitrator. *See* Agreement § 14.1(b). And where, as here, that delegation itself is not challenged, a court "*must* enforce the arbitration agreement under 9 U.S.C. §§ 3 and 4." *Faith*, 2023 WL 5278126, at *7 (emphasis added) (citing cases, including cases deferring questions of unconscionability and enforceability to the arbitrator).

      For these reasons, Uber's motion to compel arbitration must be and is GRANTED. Additionally, because Uber requests a stay, the action must be and is stayed pending resolution of the arbitration. *See* 9 U.S.C. § 3 ("[T]he court . . . , upon being satisfied that the issue

involved in such suit or proceeding is referable to arbitration . . . , *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." (emphasis added)); *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("We join those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested."). That said, the Court sees no reason to keep the case open pending arbitration. Accordingly, the Clerk of Court is directed to (1) terminate ECF No. 14; (2) mail a copy of this Memorandum Opinion and Order to Plaintiff; and (3) administratively close the case, without prejudice to either side moving by letter-motion to reopen the case **within thirty days of the conclusion of the arbitration proceedings.**

SO ORDERED.

Dated: February 5, 2025
      New York, New York

                                               JESSE M. FURMAN
                                        United States District Judge